UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIFETIME BRANDS, INC.,<br><br>                    Plaintiff,<br><br>-against-<br><br>VANDUE CORPORATION<br><br>                    Defendant. | Docket No. 2:17cv6262<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, LIFETIME BRANDS, INC. (hereinafter "Plaintiff" and/or "Lifetime"), by its attorneys, TUTUNJIAN & BITETTO, P.C., as and for its complaint against Defendant VANDUE CORPORATION (hereinafter "Defendant") alleges as follows:

### NATURE OF THE ACTION

1. This is an action for Copyright Infringement under 17 U.S.C. §501 *et seq*.

2. As alleged in detail below, Defendant has engaged in a conscious, systematic, and willful pattern of copyright infringement, to the damage of Plaintiff.

### JURISDICTION AND VENUE

3. This court has jurisdiction over the copyright infringement claims pursuant to 28 U.S.C. §§1331 and 1338(a).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a) as a substantial part of the events giving rise to the claims arising in this District and due to the fact

that Defendant is doing business in this district at least through online sales, thereby placing infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District. Defendant has purposefully availed itself of this forum by, among other things, distributing and selling infringing products in the State of New York, including in this District, and, upon information and belief, deriving revenue from such activities.

## THE PARTIES

5. Plaintiff is a Delaware corporation with a principal place of business at 1000 Stewart Ave., Garden City, NY 11530.

6. Plaintiff is a leading provider of home products in the U.S. and worldwide, including kitchen utensils and kitchen gadgets.

7. Upon information and belief, Defendant VANDUE CORPORATION is a California corporation with a business address of 8333 Arjons Dr., Suite A, San Diego, CA 92126.

8. Upon information and belief, Defendant is a company that provides a variety of household products.

## PLAINTIFF'S COPYRIGHTED WORK AND BUSINESS

9. In 2012, Plaintiff created a sculptural work for a silicone tea infuser. The sculpture is a whimsical figure of a person having an upper portion with a circular head, torso and arms and a bottom portion depicting pants having a plurality of holes therein (the "Lifetime Sculpture").

10. The Lifetime Sculpture is a unique, clever and humorous design for incorporation into a tea infuser which has proven to be very appealing to consumers.

11. The Lifetime Sculpture has been sold under the mark MR. TEA by Plaintiff throughout the U.S. Plaintiff's MR. TEA product has been very successful and has generated considerable sales and media/industry exposure throughout the U.S.

12. Defendant has therefore had ample access to the Lifetime Sculpture.

13. On October 26, 2015, Plaintiff obtained U.S. Copyright Registration No. VA 1-974-622 for the Lifetime Sculpture. A true and correct copy of U.S. Copyright Reg. No. VA 1-974-622 and the associated deposits is annexed as Exhibit A.

### DEFENDANT'S INFRINGING ACTS

14. Upon information and belief, Defendant obtained the Plaintiff's MR. TEA product which incorporates the Lifetime Sculpture and knowingly and willfully, without Plaintiff's authorization, made or caused to be made and distributed a large number of copies of the Lifetime Sculpture (the "Defendant's Unauthorized Product"). Defendant is currently marketing Defendant's Unauthorized Product as Hot Tub Tommy Silicone Loose Tea Infuser. Annexed as Exhibit B are photos of Defendant's Unauthorized Product.

15. Defendant's Unauthorized Product has been, and is currently being, sold in major online retailers such as Walmart.com, Wayfair.com and Groupon.com. Screenshots showing Defendant's Unauthorized Product sold at these retailers are annexed hereto as Exhibit C.

16. Defendant is also selling Defendant's Unauthorized Product on its website at Vandue.com. Screenshots showing Defendant's Unauthorized Product sold on its website are annexed hereto as Exhibit D.

17. The sculptural work incorporated in Defendant's Unauthorized Product is identical or substantially similar to the Lifetime Sculpture.

18. Notably, the photos for Defendant's Unauthorized Product on its website include links to the images which are labeled MRTEA and MRTEA2. Copies of these photos which contain the links are annexed as Exhibit E. The links associated with Defendant's Unauthorized Product which are labeled with the trademark of Plaintiff's product clearly shows that Defendant was well aware of the Lifetime Sculpture and had access to the Lifetime Sculpture when it designed the Defendant's Unauthorized Product.

## COUNT I:
## COPYRIGHT INFRINGEMENT

19. Paragraphs 1 through 18 are incorporated by reference herein.

20. Plaintiff is the owner of all right, title, and interest in the copyright for the Lifetime Sculpture.

21. Defendant has infringed Lifetime's copyright for the Lifetime Sculpture by copying and distributing copies of Plaintiff's Lifetime Sculpture without the consent or permission of Plaintiff.

22. Defendant's infringement of Plaintiff's copyright in the Lifetime Sculpture has caused Plaintiff to sustain money damages, loss and injury in an amount to be determined at trial.

23. Upon information and belief, Defendant has engaged in such acts knowingly and willfully.

24. Defendant's actions constitute copyright infringement and intentional copyright infringement under 17 U.S.C. §501 *et seq*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

1. For a judgment declaring that Defendant's unauthorized conduct is an infringement of Plaintiff's copyright under the Copyright Act;

2. For a judgment declaring that Defendant's unauthorized conduct is a willful infringement of Plaintiff's copyright under the Copyright Act;

3. For a permanent injunction against Defendant, enjoining and restraining Defendant from further copying or otherwise infringing upon Plaintiff's copyright;

4. For a judgment requiring Defendant to account to Plaintiff for any and all profits derived by Defendant, and for all damages sustained by Plaintiff by reason of Defendant's actions complained of herein, and/or statutory damages, which Plaintiff may at a later time elect to recover.

5. For a judgment pursuant to 17 U.S.C. §505 allowing Plaintiff to recover from Defendant Plaintiff's reasonable attorneys' fees, costs and disbursements of this civil action.

6. For a judgment awarding Plaintiff heightened damages, in an amount to be proven at the time of trial because of the intentional, willful nature of Defendant's acts.

7. That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

This the 25th day of October, 2017

TUTUNJIAN & BITETTO, P.C.

By: _____
John G. Tutunjian (JT6873)
Elliot W. Lipins (EL6151)
Edward P. Ryan (ER6661)
*Attorneys for Plaintiff*
401 Broadhollow Rd., Suite 402
Melville, NY 11747
(631) 844-0080
john@tb-iplaw.com
elliot@tb-iplaw.com
edr@tb-iplaw.com
